UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| TOM COUCH and EMILY COUCH,<br><br>    Plaintiffs,<br><br>v.<br><br>ASTEC INDUSTRIES, INC.;<br>SOUTHWEST CRANE, INC.; and<br>JOSEPH WILLIAMS,<br><br>    Defendants. | No. CIV-98-1568 BRB/WWD |

MEMORANDUM OPINION AND ORDER

BALDOCK, Circuit Judge[*]

    Plaintiffs Tom and Emily Couch filed this products liability action in New Mexico state court in February 1998, against Defendants Astec Industries, Inc., Southwest Crane, Inc., and Joseph Williams. In their complaint, Plaintiffs seek damages as a result of injuries Mr. Couch suffered while operating a "defectively designed, manufactured, assembled, and installed" asphalt manufacturing machine. According to the complaint, Defendant Astec Industries, a Tennessee corporation, designs and manufactures products for the asphalt paving business. Astec Industries sold the asphalt manufacturing

---

[*] Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation pursuant to 28 U.S.C. § 291(b).

equipment at issue to Mr. Couch's employer, Calmat Company of New Mexico. Defendant Southwest Crane, a New Mexico corporation, assembled and installed the equipment for Calmat Company. Defendant Joseph Williams is the President of Southwest Crane and a resident of New Mexico. Williams is allegedly the alter ego of Southwest Crane and according to the complaint is liable for Mr. Couch's injuries together with Astec Industries and Southwest Crane.

Astec Industries received service of process through the New Mexico Secretary of State, see N.M. Stat. Ann. § 38-1-6 (Michie 1978), and answered Plaintiffs' complaint. Unable to obtain personal service upon either Southwest Crane or Williams, Plaintiffs submitted an affidavit to the state court stating that they were not amenable to personal service. Therefore, Plaintiff served them by publication notice pursuant to N.M.R.A. 1-004(H).[1] Neither Southwest Crane nor Williams answered the complaint. Discovery between Plaintiffs and Astec Industries subsequently ensued. Less than a week after deposing Plaintiffs' experts, Astec Industries filed its Notice of Removal in December 1998. See 28 U.S.C. § 1441.

Because Plaintiffs had not (1) personally served Southwest Crane or Williams, (2) asked either of the experts to consider their liability, (3) sought any discovery against

---

[1] According to Astec Industries, records of the New Mexico Secretary of State indicate that Southwest Crane is a New Mexico Corporation which has not been in good standing since March, 1996, and has not filed a corporate report since 1993. Accordingly, the Secretary of State is in the process of revoking Southwest Crane's charter. Williams is listed as the registered agent for service of process upon Southwest Crane.

2

them, or (4) obtained a default judgment against them, Astec Industries concluded that Plaintiffs had either voluntarily abandoned their claims against the New Mexico Defendants or fraudulently joined them for the sole purpose of defeating diversity jurisdiction. See 28 U.S.C. § 1332. According to Astec Industries, "no reasonable basis [exists] for asserting that under New Mexico law, Southwest Crane, Inc., or Joseph Williams may be liable for any of the claims set forth in Plaintiffs' complaint."

Now before the court is Plaintiffs' motion to remand the cause to New Mexico state court. In support of their motion, Plaintiffs assert that this court lacks diversity jurisdiction due to the presence of Southwest Crane and Williams. In the alternative, Plaintiffs assert that Astec Industries' Notice of Removal was untimely. See 28 U. S. C. § 1446(b). Because Plaintiffs are correct in asserting that the court lacks subject matter jurisdiction over the cause, their Motion to Remand is well taken. Accordingly, the court has no occasion to consider the timeliness of Astec Industries' Notice of Removal.

I.

The court first addresses Astec Industries' claim of fraudulent joinder. To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty. McLeod v. Cities Service Gas Co., 233 F.2d 242, 246 (10th Cir. 1956). The burden of proof on a defendant claiming fraudulent joinder is significant. 16 Robert C. Casad, Martin H. Redish, & Georgene M. Vairo, Moore's Federal Practice § 107.14[2][C][iv][B] at 107-55 (3d ed. 1998). That a plaintiff intended to defeat federal jurisdiction by the joinder of a resident

3

defendant is insufficient to justify removal "'even though the resident defendant was known to be judgment-proof.'" DiNatale v. Subaru of America, 624 F. Supp. 340, 342 (E.D. Mich. 1985) (quoting Hart & Wechsler, The Federal Courts and The Federal System 1215 (2d ed. 1973)). That a non-resident defendant is rich and a resident defendant poor is of no moment. Chicago, Rock Island and Pacific Railway Co. v. Schwyhart, 227 U.S. 184, 193 (1913). "There must be a deducible bad faith purpose to defeat federal jurisdiction." Updike v. West, 172 F.2d 663, 665 (10th Cir. 1949). Nor does a plaintiff ultimately need to succeed on a claim against the resident defendant to defeat removal jurisdiction. The plaintiff need only demonstrate the possibility of the right to relief. Marshall v. Manville Sales Corp., 6 F.3d 229, 233 (4th Cir. 1993).

Courts have identified three specific instances of fraudulent joinder: (1) where a plaintiff cannot plead a cause of action against the non-diverse defendant, Rogers v. Hartford Accident & Indemnity Co., 133 F.3d 309, 315 (5th Cir. 1998); (2) where a plaintiff's pleading of jurisdictional facts is outright fraudulent, Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993); or (3) where a plaintiff joins a diverse defendant with a non-diverse defendant as to whom no joint, several, or alternative liability exists, and where plaintiff's claim against the non-diverse defendant has no real connection to the claim against the diverse defendant, Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). In this case, Astec Industries does not suggest outright fraud in Plaintiff's pleading of jurisdictional facts. Thus, the court concerns itself only with the first and third types of fraudulent joinder.

4

Turning to the question of whether Plaintiffs' complaint states a cause of action against Southwest Crane and Williams, the court notes with approval the Eleventh Circuit's recent analysis in Triggs, 154 F.3d at 1287, that "[i]f there is <u>even a possibility</u> that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." (emphasis in original). Thus, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a <u>possibility</u> of stating a valid cause of action in order for the joinder to be legitimate." Id. (emphasis in original).

In their complaint, Plaintiffs allege both strict products liability and negligence against Southwest Crane and Williams arising from their assembly and installation of the asphalt producing equipment. Whether Plaintiffs state a claim against Southwest Crane and Williams in strict products liability under New Mexico law is, at best, a dubious proposition. The court can find no New Mexico authority to support the proposition that an independent contractor that installs defectively designed or manufactured equipment becomes a part of the chain of distribution and may be held strictly liable for such defects. Rather, the authority appears to the contrary. In Tipton v. Clower, 356 P.2d 46, 49 (N.M. 1960), the court stated:

> [A]s a general guide for the trial court, it should be said that an independent contractor may be found to be liable to third parties who may have been foreseeably endangered by the contractor's negligence, even after acceptance of the work. The above must be limited to the extent the contractor should not be liable if he merely carefully carried out the plans,

5

specifications and directions given him, at least where the plans are not so obviously dangerous that no reasonable man would follow them . . . .

Based upon Tipton, however, the court is satisfied that Plaintiffs state a cause of action against Southwest Crane and Williams for negligently assembling and installing the equipment. Among other things, the complaint alleges that an "unreasonably, inadequately, and insecurely mounted and fastened conveyor belt" was the proximate cause of Mr. Couch's injuries. See Armijo v. Ed Black's Chevrolet Center, Inc., 733 P.2d 870, 873 (N.M. App. 1987) (complaint need not categorize between strict liability and negligence to state claim for relief).

The court is also satisfied that Plaintiffs' claims against Southwest Crane and Williams are sufficiently connected to the claims against Astec Industries so as to warrant joinder of the New Mexico Defendants in their complaint. Permissive joinder of defendants in New Mexico state court is governed by N.M.R.A. § 1-020A, which reads in relevant part:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally or in the alternative, any right to relief in respect to or arising out of the same transaction, [or] occurrence . . . and if any question of law or fact common to all of them will arise in the action. A . . . defendant need not be interested in . . . defending against all relief demanded. Judgment may be given . . . against one or more defendants according to their respective liabilities.

In this case, Plaintiffs, at the very least, allege alternative rights to relief against Astec Industries and Southwest Crane, i.e. strict products liability and negligence respectively. Moreover, Plaintiffs' claims for relief arise out of the same transaction. See

6

Parker v. Saint Vincent Hosp., 919 P.2d 1104 (N.M. App. 1996) (joining strict products liability claim against breast implant manufacturer with negligence claim against hospital). Based upon the applicable law, the court concludes that Astec Industries has not met its burden of showing Plaintiffs fraudulently joined Southwest Crane and Williams in their action solely for the purpose of defeating diversity jurisdiction.

II.

Astec Industries alternatively argues that, in the course of discovery, Plaintiffs voluntarily abandoned their claims against Southwest Crane and Williams, making the cause removable. To support its argument, Astec Industries relies on Southern Pacific Co. v. Haight, 126 F.2d 900 (9th Cir. 1942). In Haight, the Ninth Circuit held that the plaintiff voluntarily abandoned his claim against a resident defendant by declaring his intention to proceed to trial against the non-resident defendant in the absence of service upon the resident defendant. Because plaintiff's unequivocal declaration constituted, in effect, a severance of his causes of action against the resident and non-resident defendants, the federal district court properly exercised jurisdiction as to Plaintiff's claim against the non-resident defendant.

Astec Industries reliance upon Haight is misplaced. Unlike the resident defendant in Haight, Plaintiffs have effected service upon Southwest Crane and Williams in accordance with New Mexico law. In any event, "the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." Pecherski v.

7

General Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981); see also Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939) ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant.").

A fortiori, Plaintiff's failure to conduct discovery or obtain a default judgment against Southwest Crane and Williams is immaterial to the court's analysis. See 14A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3723 at 354 (2d ed. 1985). At this stage, a default judgment against Southwest Crane and Williams appears to be Plaintiffs for the asking without the need for discovery. Yet Plaintiffs are the masters of their lawsuit and may make their own decisions on how to proceed. New Mexico law does not set a time limit under which a plaintiff must move for a default judgment, see N.M.R.A. § 1-055, and nothing in the record suggests that Plaintiffs in this case have lost their right to move for a default judgment against Southwest Crane or Williams now or at the close of trial against Astec Industries. Absent a clear and unequivocal expression of Plaintiffs' intent to discontinue their action against Southwest Crane and Williams, Astec Industries argument that Plaintiffs have voluntarily abandoned their claims against the New Mexico Defendants must fail. See Delatte v. Zurich Ins. Co., 683 F. Supp. 1062, 1063-64 (M.D. La. 1988).

## III.

Accordingly, Plaintiffs' Motion to Remand this cause to the Thirteenth Judicial District Court for the State of New Mexico, County of Sandoval, is ALLOWED pursuant to 28 U.S.C. § 1447(c), for want of subject matter jurisdiction. The court shall entertain

Plaintiffs' request for attorney's fees pursuant to § 1447(c) upon submission of proper documentation within fourteen days. Upon such submission, Astec Industries shall have fourteen days to respond.

      SO ORDERED.

                                            Entered for the Court
                                            this 30th day of March, 1999


                                            Bobby R. Baldock
                                            United States Circuit Judge,
                                            Sitting by Designation

Attorneys of Record:

David L. Plotsky, Esq., of Plotsky and Dougherty, P.C., Albuquerque, New Mexico, for Plaintiffs.

Charles A. Pharris, Esq., of Keleher & McLeod, P.A., Albuquerque, New Mexico, for Defendant Astec Industries.